IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
LLOYD E. SEAY,                        )
                                      )
      Plaintiff,                      )
                                      )
VS.                                   )     No. 2:15-cv-2155-JDT-tmp
                                      )
D.R.T. TEAM MEMPHIS TENN., ET AL.,    )
                                      )
      Defendants.                     )
```
_____

SECOND ORDER DIRECTING PLAINTIFF TO COMPLY
WITH 28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE
_____

On March 3, 2015, Plaintiff Lloyd E. Seay, booking number 15109904, who is incarcerated at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds*

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Thus, if the Plaintiff is granted leave to proceed *in forma pauperis*, he will not be liable for the additional $50 fee.

by *LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

The original affidavit submitted by Plaintiff was not accompanied by a certified copy of his trust account statement. Therefore, the Court issued an order on March 4, 2015, directing Plaintiff to submit either the entire $400 civil filing fee or an *in forma pauperis* affidavit that included a certified copy of his trust account statement for the last six months. (ECF No. 4.) The Court received from the Plaintiff four more filings that addressed the same incidents and, therefore, were filed as "amended" complaints. (ECF No.s 5, 6, 7 and 11.) On March 31, 2015, the Plaintiff submitted a change of address indicating that he had been released from jail. (ECF 12.) However, two letters were received on April 1 (ECF Nos. 13 & 14) and a third on April 13 2015, (ECF No. 15) indicating that he was once again incarcerated at the Jail in Memphis, Tennessee.

On April 22, 2015, Plaintiff submitted a fifth "amended" complaint and an *in forma pauperis* affidavit that was also not accompanied by a copy of his trust account statement. (ECF No. 17.) Because Plaintiff was incarcerated, released, and then once again

incarcerated, Plaintiff is again ORDERED to submit, within thirty (30) days after the date of this order, either the entire $400 civil filing fee or a certified copy of his trust account statement for the last six months.[2] The Clerk is directed to provide Plaintiff with another copy of the prisoner affidavit form with this order.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess only a $350 filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). *McGore*, 114 F.3d at 605.[3]

IT IS SO ORDERED.

                                                      **s/James D. Todd**_____
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. <u>McGore</u>, 114 F.3rd at 607; <u>see also</u> <u>In reAlea</u>, 286 F.3d 378, 381 (6th Cir. 2002).